PROB 12M
(10/01-D/CO)

# UNITED STATES DISTRICT COURT

for

DISTRICT OF COLORADO

U. S. A. vs. MELISSA BOWERY　　　　　　　　　　Docket Number: 06-cr-00372-WDM-06

**Petition for Modification of Conditions of Supervised Release**

　　　COMES NOW, Emily Valentin, probation officer of the court, presenting an official report upon the conduct and attitude of Melissa Bowery, who was placed on supervision by the Honorable Walker D. Miller sitting in the court at Denver, Colorado, on the 6th day of March, 2008, who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1)　　　The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. The defendant will be required to pay the cost of treatment as directed by the probation officer.

**On July 29, 2008, the defendant's original term of probation was revoked and she was sentenced to four months imprisonment followed by two years supervised release. All previous conditions of supervised release were ordered to remain in full force and effect. The following special conditions were also ordered:**

2)　　　The defendant shall be placed on home detention for a period of six (6) months, to commence within 21 days of her release. During this period, she shall remain at her place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer. This period of home detention shall be enforced by electronic monitoring. To permit this monitoring, the defendant shall maintain a telephone at her place of residence without any special services, modems, answering machines, or cordless telephones. She shall wear electronic monitoring devices and follow all other procedures specified by the probation officer. The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

3)　　　The defendant shall abstain from possessing or consuming alcohol while on supervision.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

I state under penalty of perjury that the foregoing matters are true and correct to the best of my knowledge and belief.

Executed this 7th day of November, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　s/Emily Valentin
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Emily Valentin, Senior U.S. Probation Officer

ORDER OF THE COURT

Defendant's conditions of supervised release are modified to include special conditions requiring that: 4) The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time the defendant is released from the program by the probation officer; 5) The defendant shall participate in a program of testing and treatment for alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer; and 6) The defendant shall reside in a Residential Reentry Center (RRC) for a period of up to 180 days to commence at the direction of the probation officer, and shall observe the rules of that facility. Upon the defendant reporting to the RRC, the condition for electronic home monitoring shall be vacated.

Dated this 10th day of November, 2008.

                                                   s/ Walker D. Miller
                                                 _____
                                                 WALKER D. MILLER, Senior U.S. District Judge

# ATTACHMENT

On March 10, 2008, and September 11, 2008, the conditions of supervised release were read and explained to the defendant. On those dates, she acknowledged in writing that the conditions had been read to her, that she fully understood the conditions, and that she was provided a copy of them. The defendant's second term of supervised release commenced on September 7, 2008.

The reasons for the proposed modification are as follows:

On July 29, 2008, the defendant's probation was revoked due to the following violations: excessive use of alcohol, failure to participate in drug testing, two new law violations, and making false statements to the probation officer. The defendant was sentenced to four months imprisonment to be followed by two years supervised release. Additionally, she was ordered to be placed on home detention for a period of six months and to also abstain from possessing or consuming alcohol while on supervision.

The defendant's supervision recommenced on September 7, 2008, and she began electronic monitoring on September 17, 2008. During her initial appointment with the Probation Office, I talked to the defendant about the original substance abuse assessment that was written by Correctional Psychology Associates (CPA) during the defendant's first term of supervision. This assessment recommended mental health counseling as a result of the defendant experiencing difficulties regulating her emotions. The defendant concurred with the recommendation and agreed to have her conditions of supervised release modified to include mental health treatment.

On October 24, 2008, I received notice from the District of New Mexico urinalysis testing laboratory that the defendant submitted a positive urine specimen on October 20, 2008, at Correctional Management, Incorporated (CMI), that tested positive for marijuana. I met with the defendant on October 27, 2008, and questioned her about her drug use. She admitted to smoking marijuana with a friend.

Although there is currently a condition ordering the defendant to abstain from possessing and consuming alcohol while on supervision, there is no condition in place requiring the defendant to participate in alcohol counseling. In order to fully address the defendant's substance abuse issues, the Probation Office recommends that her conditions of supervised release be modified to include alcohol treatment.

Due to the defendant's use of illicit substances while on electronic monitoring, the Probation Office recommends that her conditions also be modified to include placement in a Residential Reentry Center (RRC) which would provide increased supervision of the defendant. Since placement in the RRC will serve as a graduated sanction for the defendant's drug use, the Probation Office recommends that the condition for electronic home monitoring be vacated upon the defendant's arrival at the RRC.

The Probation Office also recommends that the defendant's conditions of supervised release be modified to include mental health treatment and alcohol counseling. On October 27 and 28, 2008, respectively the defendant and her attorney, Kerry S. Hada, executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision" which waives the right to a hearing and agrees to the proposed modifications of the conditions of supervised release. Assistant U.S. Attorney Pegeen Rhyne has been consulted and has no objection to the proposed modifications.